# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON, MASSACHUSETTS

| | |
|---|---|
| George Logue, | ) CIVIL ACTION |
| Plaintiff | ) CASE NO._____ |
| Vs | ) COMPLAINT FOR DAMAGES<br>) Civil Rights Violation - False<br>) Arrest & False Imprisonment |
| Dartmouth Police Department et al., | ) |
| Defendants | ) UNLIMITED CIVIL CASE |

Comes now the plaintiff, responding to actions by Dartmouth, Massachusetts Police Department.

## FIRST CAUSE
### (Civil Rights Violation - False Arrest & False Imprisonment)

Plaintiff alleges:

### Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Plaintiff is uncertain of all names of all the public officials sued herein. Plaintiff may amend this complaint to allege additional names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.
3. Defendant officers Gill, Whte, Brooks, and Medeiros are, and at all times herein mentioned were, police officers employed by their codefendant Dartmouth Police Department, 249 Russell Mills Road, Dartmouth, Massachusetts, to protect the premises, people, and property therein, of the town.
4. Defendant Dartmouth Police Department, being a department organized under the Town of Dartmouth, and at all times herein mentioned was, an entity duly organized and existing under the laws of the town and the Commonwealth of Massachusetts. The defendants have their principal place of business in Dartmouth, Bristol County, Massachusetts, and are, and at all times herein mentioned, were regularly engaged in the practice of protecting the public and upholding and enforcing the law.
5. Defendant officers Gill, White, Brooks, and Medeiros, and at all times herein mentioned were the agents and employees of their codefendant Dartmouth Police Department and the town of Dartmouth, Massachusetts, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

Jurisdiction

6. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of each department involved. Copies of the notice are annexed as "A." This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum be available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the court on the premise that, for tolling purposes as to when the statute began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from filing complaints at an earlier date.

Facts

7. On or about September 30, 1992, plaintiff was visiting his parents at their home in Dartmouth, Massachusetts whereupon it had been established that he was welcome as a guest, and to live for indeterminate periods while he was searching for work. Since then, plaintiff has visited their residence for months at a time, utilizing household resources, storing personal belongings, and engaging in family activities.

8. On July 24, 1997, plaintiff was peaceably and in a law abiding manner, having dinner with his parents when an argument began. Plaintiff, wishing not to provoke a confrontation, left the house and went to his apartment upstairs over the garage. Plaintiff's father, who had been drinking alcohol before and during the course of dinner, became enraged, and chased plaintiff from one building and up to his apartment where plaintiff had locked the door in an effort to ward off any altercation. The father, terribly upset, screamed at plaintiff to open the door. Plaintiff refused several times and tried to assuage his father by asking him to calm down. The father only continued to scream at, and threaten plaintiff that, unless plaintiff unlocked the door, he would break it down and "kick the shit out of him." Plaintiff reluctantly unlocked the door, and his father came into the room screaming and pushing plaintiff into a corner, where, and in the course of attempting to strike plaintiff, the father fell over. Plaintiff was then able to restrain his father on the floor until his mother intervened and was able to calm him. Plaintiff's father went down to the house and telephoned the police.

9. Approximately 7 p.m., on July 24, 1997, officers Gill and Whte arrived and interviewed the father who made false and defamatory statements regarding the incident, including that plaintiff had struck his father. This is False. Defendant officers, Medeiros and Brooks, assisted in the process thereafter. The officers, and each of them, questioned plaintiff and his arrangement for being at his parents. When the officers interviewed the plaintiff, he clearly described the events as they had transpired, emphasizing that he had retreated from the argument, locked himself behind a door, opened it only upon being threatened, and only made contact with his father, in self defense by restraining him on the floor. He repeatedly denied having struck his father and questioned the officers about his father assaulting him and then changing the story. After questioning plaintiff's mother, who had arrived only in time to separate plaintiff and his father, defendant officers, without regard for plaintiff's reputation, and within hearing distance of golfers on the course adjacent to the property, accused plaintiff of lying and that he had assaulted his father. After several more questions, defendant officers, and each of them, informed plaintiff they were taking him to the station.

2

Plaintiff immediately objected and reiterated that he, plaintiff, had been chased, threatened and then assaulted by his father. Despite his objections, defendant officers, and each of them took plaintiff by force to the Dartmouth Police Station where he was falsely arrested and then wrongfully imprisoned at the District Court of New Bedford. By committing these acts, defendant officers, and each of them, denied plaintiff of his civil liberties by acting under color of state law 42 U.S.C.S. 1983 (1988).

10. As a result of the acts of defendants, and each of them, their failure to fully investigate the incident at the scene, by using reasonable care to verify the facts of who assaulted whom, the inherent arrest rendered as a result of that failure, and the inaccurate recorded account of events thereof, indicate negligent supervision by the Dartmouth Police Department. For example, plaintiff's proper address at the time was 307 Smith Neck Road, not 24 Hetty Green Drive, and Plaintiff's correct weight was approximately 133 pounds. The Dartmouth Police Department thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer.. Further, defendant officers actions having been performed while in communication with the Department, and then at the Department, with it's knowledge, assistance, and yet failed supervision, support this action against the Dartmouth Police Department for it's willful failure to review, and supervise the officers, by having required additional investigation into the plaintiff's claims of the false accusations of his father at any time early on and while he was still in their custody.

11. By reason of the unlawful conduct of the defendants, the plaintiff was deprived of his personal liberty, suffered great pain and anguish of the mind. As a proximate result, of the acts of the defendants, plaintiff suffered great damage to his reputation and embarrassment in his community, all to his damage. The acts of defendants, and each of them, as herein alleged were willful, wanton, and oppressive, and justify the awarding of punitive damages.

## SECOND COUNT
(Negligent Entrustment)

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 11, inclusive, of the First Count.
2. Defendant Dartmouth Police Department negligently hired and entrusted defendant police officers Michael Gill, Jared Whte, Scott Brooks, and David Medeiros, and each of them, to protect the town's people property and premises and to perform other related functions.

WHEREFORE, plaintiff prays judgment against defendants as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

2-9-04                                    George Jugue

4



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### BOSTON, MASSACHUSETTS

| | |
|---|---|
| George Logue, | ) CIVIL ACTION |
| Plaintiff | ) |
| Vs | ) CASE NO._____ |
| Dartmouth Police Department et al., | ) COMPLAINT FOR DAMAGES |
| | ) Slander |
| Defendants | ) UNLIMITED CIVIL CASE |

## SECOND CAUSE
(Slander)

Plaintiff alleges:

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-10, inclusive, of the First Count of the First Cause.
2. On July 24, 1997, while at Round Hill, located at 307 Smith neck Road, Dartmouth, Massachusetts, defendant officers, and each of them, in conversations which the defendants had with, plaintiff's father, plaintiff's mother, and amongst themselves, and in the hearing and presence of, certain persons, maliciously spoke concerning plaintiff, certain slanderous, false, malicious, and defamatory words, to wit: Come on Bill, hey, what's going on?... What aren't you telling us?...Bill I don't think your telling the truth...I think he pissed you off and you hit him.
3. Because of the false, defamatory and public statements made by defendant police officers, plaintiff has been unable to trust and feel secure around law enforcement officials.
4. The words aforesaid tended to blacken and injure the honesty, integrity, morality, and reputation of plaintiff and to thereby expose him to public contempt and ridicule, and denigrate his good standing in the community.
5. The words so spoken by the defendant officers were and are totally false, malicious, and slanderous.
6. As a proximate result and by reason of the acts of the defendant officers aforesaid, and each of them, in and about the speaking and publishing of the false, malicious, and slanderous words and statements, plaintiff has suffered great damage to his reputation and embarrassment in his community, was exposed to public contempt, hatred, and ridicule, and as a result, peers have since ostracized plaintiff, and his overall good reputation in the community is threatened, all to his damage.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

2-9-04                                George Logue

2



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### BOSTON, MASSACHUSETTS

| | |
|---|---|
| George Logue, | ) CIVIL ACTION |
| Plaintiff | ) CASE NO._____ |
| Vs | ) COMPLAINT FOR DAMAGES |
| | ) Civil Rights Violation - Intentional |
| Dartmouth Police Department et al., | ) Infliction of Emotional Distress |
| Defendants | ) UNLIMITED CIVIL CASE |

### THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Plaintiff alleges:

#### Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Plaintiff is uncertain of all names of all the public officials sued herein. Plaintiff may amend this complaint to allege additional names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.
3. Defendant officers Gill, Whte, Brooks, and Medeiros are, and at all times herein mentioned were, police officers employed by their codefendant Dartmouth Police Department, 249 Russell Mills Road, Dartmouth, Massachusetts, to protect the premises, people, and property therein, of the town.
4. Defendant Dartmouth Police Department, being a department organized under the Town of Dartmouth, and at all times herein mentioned was, an entity duly organized and existing under the laws of the town and the Commonwealth of Massachusetts. The defendants have their principal place of business in Dartmouth, Bristol County, Massachusetts, and are, and at all times herein mentioned, were regularly engaged in the practice of protecting the public and upholding and enforcing the law.
5. Defendant officers Gill, White, Brooks, and Medeiros, and at all times herein mentioned were the agents and employees of their codefendant Dartmouth Police Department and the town of Dartmouth, Massachusetts, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

## Jurisdiction

6. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of each department involved. Copies of the notice are annexed as "A." This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum be available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the court on the premise that, for tolling purposes as to when the statute began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from filing complaints at an earlier date.

## Facts

7. On or about September 30, 1992, plaintiff was visiting his parents at their home in Dartmouth, Massachusetts whereupon it had been established that he was welcome as a guest, and to live for indeterminate periods while he was searching for work. Since then, plaintiff has visited their residence for months at a time, utilizing household resources, storing personal belongings, and engaging in family activities.

8. On July 24, 1997, plaintiff was peaceably and in a law abiding manner, having dinner with his parents when an argument began. Plaintiff, wishing not to provoke a confrontation, left the house and went to his apartment upstairs over the garage. Plaintiff's father, who had been drinking alcohol before and during the course of dinner, became enraged, and chased plaintiff from one building and up to his apartment where plaintiff had locked the door in an effort to ward off any altercation. The father, terribly upset, screamed at plaintiff to open the door. Plaintiff refused several times and tried to assuage his father by asking him to calm down. The father only continued to scream at, and threaten plaintiff that, unless plaintiff unlocked the door, he would break it down and "kick the shit out of him." Plaintiff reluctantly unlocked the door, and his father came into the room screaming and pushing plaintiff into a corner, where, and in the course of attempting to strike plaintiff, the father fell over. Plaintiff was then able to restrain his father on the floor until his mother intervened and was able to calm him. Plaintiff's father went down to the house and telephoned the police.

9. Approximately 7 p.m., on July 24, 1997, officers Gill and Whte arrived and interviewed the father who made false and defamatory statements regarding the incident, including that plaintiff had struck his father. This is False. Defendant officers, Medeiros and Brooks, assisted in the process thereafter. The officers, and each of them, questioned plaintiff and his arrangement for being at his parents. When the officers interviewed the plaintiff, he clearly described the events as they had transpired, emphasizing that he had retreated from the argument, locked himself behind a door, opened it only upon being threatened, and only made contact with his father, in self defense by restraining him on the floor. He repeatedly denied having struck his father and questioned the officers about his father assaulting him and then changing the story. After questioning plaintiff's mother, who had arrived only in time to separate plaintiff and his father, defendant officers, without regard for plaintiff's reputation, and within hearing distance of golfers on the course adjacent to the property, accused plaintiff of lying and that he had assaulted his father. After several more questions, defendant officers, and each of them, informed plaintiff they were taking him to the station.

    Plaintiff immediately objected and reiterated that he, plaintiff, had been chased, threatened and then assaulted by his father. Despite his objections, defendant officers, and each of them took plaintiff by force to the Dartmouth Police Station where he was falsely arrested and then wrongfully imprisoned at the District Court of New Bedford. By committing these acts, defendant officers, and each of them, denied plaintiff of his civil liberties by acting under color of state law 42 U.S.C.S. 1983 (1988).

10. As a result of the acts of defendants, and each of them, their failure to fully investigate the incident at the scene, by using reasonable care to verify the facts of who assaulted whom, the inherent arrest rendered as a result of that failure, and the inaccurate recorded account of events thereof, indicate negligent supervision by the Dartmouth Police Department. For example, plaintiff's proper address at the time was 307 Smith Neck Road, not 24 Hetty Green Drive, and Plaintiff's correct weight was approximately 133 pounds. The Dartmouth Police Department thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer.. Further, defendant officers actions having been performed while in communication with the Department, and then at the Department, with it's knowledge, assistance, and yet failed supervision, support this action against the Dartmouth Police Department for it's willful failure to review, and supervise the officers, by having required additional investigation into the plaintiff's claims of the false accusations of his father at any time early on and while he was still in their custody.

11. Defendant officer's egregious acts were intentional, were unreasonable and unnecessary for the purpose of any investigation seeking the truth. Defendant's knowledge that the matter had been discussed several times, that plaintiff had repeatedly denied the accusations, and that evidence and statements indicated that he had been the one assaulted, and because defendant officers still chose to falsely arrest plaintiff, they violated plaintiff's civil rights. Further, defendant's, and each of them, knowledge that the plaintiff was visibly upset, and observing that plaintiff was becoming visibly distraught as a result of defendant's actions, ratified that the officers overall conduct was done with knowledge that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff.

12. As a proximate result of the unlawful conduct of the defendants, the plaintiff was deprived of his personal liberty, suffered great pain and anguish of the mind, all to his damage.

13. Because of the acts of the defendants, plaintiff has suffered great damage to his reputation, and embarrassment in his community, all to his damage.

14. As a further proximate result of the acts of defendant officers, plaintiff was unnecessarily subjected to unneeded medical treatment, which injured him in health, strength, and activity, where he suffered humiliation, anxiety, mental anguish, and emotional and physical distress, all of which injuries have caused plaintiff to suffer physical pain and extreme and severe mental anguish, all to his damage.

15. Defendant's acts, and each of them, as herein alleged were willful, wanton, and malicious, and justify the awarding of punitive and exemplary damages.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages, amount demanded $4,000,000;
3. For reasonable attorney's fees;
4. For interest as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

2-9-04                                George Logue

4

## VERIFICATION

I, __George Logue__, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters, which are herein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

02·09·04                             *George Logue* (signature)

5



George Logue
General Delivery
Boston, Massachusetts 02205

January 27, 2004

Mr. Joseph P. Hannon, Town counsel
Mr. Michael J. Gagne, Executive Administrator
Town of Dartmouth
Town Hall, Room 303
Dartmouth, Massachusetts 02748

Dear Sir:

Pursuant to Massachusetts General Laws Chapter 258 §4, I am hereby presenting notice of a claim on behalf of myself. This claim is regarding events of July 24, 1997 when I was forcibly escorted to the Dartmouth Police Station, and where I was then wrongfully arrested and falsely imprisoned.

These infractions occurred due to the negligent acts or omissions of employees of the Town of Dartmouth and the Dartmouth Police.

If in the course of your investigation, you determine that individuals other than public employees may have caused or contributed to these violations, I would appreciate it if you would so advise me, and provide the identity of such individuals.

Very truly yours,

George Logue