UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO. 1:04-cv-10270-GAO<br>COMPLAINT FOR DAMAGES<br>Civil Rights Violation - |
| v. | False Arrest & False Imprisonment |
| Dartmouth Police Department et al. | |
| Defendants | (UNLIMITED CIVIL CASE) |

FIRST CAUSE
(Civil Rights Violation - False Arrest & False Imprisonment)

Plaintiff alleges:

Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Plaintiff is uncertain of all names of all the public officials sued herein. Plaintiff may amend this complaint to allege additional names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.
3. Defendant officers Gill, ite, Brooks, and Medeiros are, and at all times herein mentioned were, police officers employed by their codefendant Dartmouth Police Department, 249 Russell Mills Road, Dartmouth, Massachusetts, to protect the premises, people, and property therein, of the town.
4. Defendant Dartmouth Police Department, being a department organized under the Town of Dartmouth, and at all times herein mentioned was, an entity duly organized and existing under the laws of the town and the Commonwealth of Massachusetts. The defendants have their principal place of business in Dartmouth, Bristol County, Massachusetts, and are, and at all times herein mentioned, were regularly engaged in the practice of protecting the public and upholding and enforcing the law.
5. Defendant officers Gill, White, Brooks, and Medeiros, and at all times herein mentioned were the agents and employees of their codefendant Dartmouth Police Department and the town of Dartmouth, Massachusetts, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in

1

some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

### Jurisdiction

6. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of each department involved. Copies of the notice are annexed as "A." This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum be available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the court on the premise that, for tolling purposes as to when the statute began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from filing complaints at an earlier date.

### Facts

7. On or about September 30, 1992, plaintiff was visiting his parents at their home in Dartmouth, Massachusetts whereupon it had been established that he was welcome as a guest, and to live for indeterminate periods while he was searching for work. Since then, plaintiff has visited their residence for months at a time, utilizing household resources, storing personal belongings, and engaging in family activities.

8. On July 24, 1997, plaintiff was peaceably and in a law abiding manner, having dinner with his parents when an argument began. Plaintiff, wishing not to provoke a confrontation, left the house and went to his apartment upstairs over the garage. Plaintiff's father, who had been drinking alcohol before and during the course of dinner, became enraged, and chased plaintiff from one building and up to his apartment where plaintiff had locked the door in an effort to ward off any altercation. The father, terribly upset, screamed at plaintiff to open the door. Plaintiff refused several times and tried to assuage his father by asking him to calm down. The father only continued to scream at, and threaten plaintiff that, unless plaintiff unlocked the door, he would break it down and "kick the shit out of him." Plaintiff reluctantly unlocked the door, and his father came into the room screaming and pushing plaintiff into a corner, where, plaintiff attempted to push him away, and in the course of the father attempting to strike plaintiff, the father fell over. Plaintiff was then able to restrain his father on the floor until his mother intervened and was able to calm him. Plaintiff's father went down to the house and telephoned the police.

9. Approximately 7 p.m., on July 24, 1997, officers Gill and White arrived and interviewed the father who made false and defamatory statements regarding the incident, including that plaintiff had struck his father. This is False. Defendant officers, Medeiros and Brooks, assisted in the process thereafter. The officers, and each of them, questioned plaintiff and his arrangement for being at his parents. When the officers interviewed the plaintiff, he clearly described the events as they had transpired, emphasizing that he had retreated from the argument, locked himself behind a door, opened it only upon being threatened, and only made contact with his father, in self defense by restraining him on the floor. He repeatedly denied having struck his father and questioned the officers about his father assaulting him and then changing the story. After questioning plaintiff's mother, who had arrived only in time to separate plaintiff and his father, defendant officers, without regard for plaintiff's

reputation, and within hearing distance of golfers on the course adjacent to the property, accused plaintiff of lying and that he had assaulted his father. After several more questions, defendant officers, and each of them, informed plaintiff they were taking him to the station. Plaintiff immediately objected and reiterated that he, plaintiff, had been chased, threatened and then assaulted by his father. Despite his objections, defendant officers, and each of them took plaintiff by force to the Dartmouth Police Station where he was falsely arrested and then wrongfully imprisoned at the District Court of New Bedford. By committing these acts, defendant officers, and each of them, denied plaintiff of his civil liberties by acting under color of state law 42 U.S.C.S. 1983 (1988).
10. Defendant officers, and each of them, failed to fully investigate the incident at the scene by using reasonable care to verify the facts of who assaulted whom. The inherent false arrest that occurred as a result of that failure, and the inaccurate recorded account of events thereof, indicate negligent supervision by the Dartmouth Police Department. Contained in the police file are false and inaccurate statements regarding the incident that transpired, including certain erroneous details about the plaintiff.
11. By reason of the unlawful conduct of the defendants, the plaintiff was deprived of his personal liberty, suffered great pain and anguish of the mind. As a proximate result, of the acts of the defendants, plaintiff suffered great damage to his reputation and embarrassment in his community, all to his damage. The acts of defendants, and each of them, as herein alleged were willful, wanton, and oppressive, and justify the awarding of punitive damages.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages, amount demanded $4,000,000;
3. For reasonable attorney's fees;
4. For interest as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

03/08/04                                George Logue

WHEREFORE, plaintiff prays judgment against defendants as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

03/08/04

*[signature]*