UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10270-GAO

GEORGE LOGUE
 Plaintiff,

v.

DARTMOUTH POLICE
DEPARTMENT, ET AL
 Defendants.

**MEMORANDUM OF LAW OF DEFENDANTS DEFENDANTS, DARTMOUTH POLICE DEPARTMENT, GILL, WHITE, BROOKS AND MEDEIROS' IN SUPPORT OF THEIR MOTION TO DISMISS**

**I. INTRODUCTION**

 The defendants, Darmouth Police Department, Gill, White, Brooks and Medeiros move to dismiss the plaintiff's Complaint on the grounds that the plaintiff has failed to state a claim against them.

**II. STATEMENT OF THE FACTS**

 The plaintiff, George Logue alleges in his complaint that on July 24, 1997, he was arrested by Officers Gill, White, Medeiros and Brooks. (See Plaintiff's Complaint, paragraphs 7 through 9). Specifically, the plaintiff alleges that while he was at his parents' house having dinner, an argument began. (Id. at paragraph 8). The plaintiff alleges that at some point his father contacted the Dartmouth Police who came to the residence. (Id. at paragraphs 8 through 9). The plaintiff alleges that the defendant Officers Medeiros and Brooks assisted Officers Gill and White in interviewing Mr. Logue's father about an incident that occurred at the residence. (Id. at paragraphs 8 through 9). In addition, these officers are alleged to have interviewed the

plaintiff's mother. (Id. at paragraph 9). Shortly thereafter, the officers informed the plaintiff that he would be taken to the Dartmouth Police Station. (Id. at paragraph 10). The plaintiff objected to his arrest and the officers transported him to the Dartmouth Police Station where he was arrested and imprisoned at the New Bedford District Court. (Id. at paragraph 9).

The plaintiff alleges that the defendants failed to fully investigate the incident and as a result he was falsely arrested.

## III. STATEMENT OF THE CASE

The plaintiff brings this Complaint against the defendants seeking damages for (1) civil rights violation - false arrest and false imprisonment; (2) negligent entrustment; (3) slander; and (4) intentional infliction of emotional distress.

## IV. ARGUMENT

### A. Standard of Review

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir.1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir.2000). If the

facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  Nollet, 83 F.Supp.2d at 208.

     **B.**     **The Plaintiff Has Failed to Timely File His Complaint Against the Defendants**

Mr. Logue seeks damages against the Dartmouth Police Department, and Officers Gill, Brooks, Medeiros and White under 42 U.S.C. § 1983, negligence, intentional infliction of emotional distress and slander for injuries resulting from their actions on July 24, 1997.  Mr. Logue filed the present action on February 9, 2004, more than six years after the alleged incident. The defendants assert that the claims against them are time barred.

     **Civil Rights**

Section 1983 does not contain a statute of limitations. McIntosh v. Antonino, 71 F.3d 2, 33 (1st Cir.1995). A federal court adjudicating a § 1983 claim borrows the applicable limitations period from the forum state. (Id)  Massachusetts prescribes a three-year limitations period for personal injury actions. (Id)  (citing M.G.L. c. 260 § 2A).

A § 1983 claim accrues when the plaintiff "knows or has reason to know, of the injury on which the action is based." Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir.1992). In this case, Mr. Logue claims that he was falsely arrested on July 24, 1997.  It is thus clear that Mr. Logue's claim began to accrue on July 24, 1997 because in his complaint he alleges he knew he was falsely arrested because the officers did not properly investigate the allegations against him on that date. Accordingly, his civil rights claims are time barred. M.G.L. c. 260 §§ 2A.

     **State Tort Claims**

Further, the plaintiff's state tort claims for slander, intentional infliction of emotional distress and negligence are time barred.  The statue of limitations on state torts is three years. Accordingly, the plaintiff's claims for slander, negligence and intentional infliction of emotional

distress are time barred. Flynn v. Associated Press, 401 Mass. 776, 519 N.E.2d 1304 (1988);Wong v. University of Mass., 438 Mass. 29, 36 (2002).

### C. The Plaintiff Failed to Make Presentment

The plaintiff failed to make presentment of his claim. The plaintiff can not bring an action against the defendant, the Town of Dartmouth, pursuant to G.L. c. 258, Section 4, unless the plaintiffs first make presentment of a claim against a public entity to the appropriate body before suit may be instituted. The plaintiff has failed to make any presentment of his claim against the defendant for the alleged negligence of the police officers and therefore is precluded from bringing an action.

As the Court is aware M.G.L. c. 258 § 4 provides:

> "[a] civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer . . . and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail . . . ." M.G.L. c. 258, § 4.

It is well settled under Massachusetts law that a claimant's failure to make presentment of his claim prior to commencing an action against a public employer under the Tort Claims Act subjects his complaint to dismissal for failure to state a claim upon which relief can be granted. M.G.L. c. 258, § 4; G & B Associates, Inc. v. City of Springfield, 39 Mass. App. Ct. 51, 653 N.E.2d 203 (1995).

Based on the fact that the plaintiff has failed to make presentment to the Town of Dartmouth the claim of negligence must be dismissed.

### D. The Dartmouth Police Department Is Not Subject To Suit Under Section 1983 For Alleged Violations Of The Plaintiff's Civil Rights

As a threshold matter, the Dartmouth Police Department is not an entity subject to suit for alleged violations of the plaintiff's civil rights. See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991) (dismissing civil rights claim brought under 42 U.S.C. § 1983 against the Boston Police Department).

Section 1983 of Title 42 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State... subjects or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings of redress. 42 U.S.C. § 1983 (1997) (emphasis added).

For the purpose of this statute, the Dartmouth Police Department is a non-person and consequently is not subject to suit. See Johnson v. Rodriguez, 943 F. 2d 104, 108 (1st Cir. 1991) (state agency may not be sued for alleged civil rights violations); Cronin v. Town of Amesbury, 895 F. Supp. 375, 383 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in § 1983 action); Curran v. City of Boston, 777 F. Supp at 120 (dismissing claim against city police department as *non-person* and not subject to § 1983 suit); Laubinger v. Department of Revenue, 41 Mass. App. Ct. 598, 601 (1996) (state administrative department is *non-person* and not subject to § 1983 suit). Therefore, the plaintiff's civil rights claims against the Dartmouth Police Department is not viable and must be dismissed.

## V.     **CONCLUSION**

For the above stated reasons all counts and claims against the defendants in this matter must be dismissed as the plaintiff has failed to state a claim upon which relief may be granted.

                                        Defendants, Darmouth Police Department,
                                        Gill, White, Brooks and Medeiros,
                                        By their attorneys,

/s/Regina M. Ryan
Douglas I. Louison BBO# 545191
Regina M. Ryan BBO# 565246
Merrrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the 19th day of April, 2005, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to George Logue, pro se, General Delivery, Boston, MA 02205.

/s/ Regina M. Ryan
Regina M. Ryan