UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

| | |
|---|---|
| George Logue | Case No:1:04-10270-GAO |
| Plaintiff | |
| v. | |
| Dartmouth Police Department et al. | |
| Defendant | |

PLAINTIFF'S MEMORANDUM OF LAW
SUPPORTING HIS OPPOSITION TO DISMISS

Plaintiff, George Logue, hereby introduces this Memorandum of Law to support his Opposition to Defendant's Dartmouth Police Department, Gill, White, Brooks, and Medeiros (collectively, the "defendants") Motion To Dismiss. The opposition is set forth for each of the named defendants, and reserved for any additional defendants who may be identified later upon information revealed during initial discovery pursuant to Rule 26.2.

### Deference Afforded Plaintiff under Rule 12(b)6

While considering a Rule 12(b)6 motion to dismiss, "a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." Watterson, 987 F. 2d at 3; Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987, 988 (1st Cir. 1992). That said, plaintiff is well aware that the Rule 12(b)6 standard "is not entirely a toothless tiger." Dartmouth Review v. Dartmouth College, 889 F. 2d 13, 16 (1st Cir. 1989). Plaintiff has therefore, composed a complaint that, while imperfect and with the intent to amend it, includes sufficient detail and description to withstand initial dispositive motions. The complaint, and further, a more recent amended complaint are trial worthy complaints; the most recent amended copy shall be submitted now in an attempt to clarify issues raised in defendant's motion. Plaintiff realizes "Minimal requirements are not tantamount to nonexistent requirements. The threshold [for phrasing a claim] may be low, but it is real." Id. (quoting Gooley v. Mobil Oil Corp., 851 F. 2d 513, 514 (1st Cir. 1988)). Further, he understands Rule 12(b)(6) does not entitle himself to get by on "subjective characterizations" or conclusory descriptions of a "general scenario which could be dominated by unpleaded facts." Id. at 53; Dewey v. University of N.H., 694 F. 2d 1, 3 (1st Cir. 1982).

Obviously, plaintiff has presented his complaint in a manner, which he believes has stated the causes that will be proved by facts and supported by evidentiary materials that may be produced under the normal course of discovery. Further, the complaint clearly describes the reasoning pertaining to the timing and the presentation of the complaint, and why it was brought forth as a Federal Claim while meeting the requirements of M.G.L. c. 258, Section 4.

Finally, the complaint is valid against all of the named defendant's, including the party named as the Dartmouth Police Department itself. Where it *had* been well-established that a [state] is not considered a "person" under the statute 42 U.S.C. § 1983, citing Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64 (1989), even this conclusion has been more recently subjected to argument. The notable difference here, even if the former argument pertaining to a state held, is that the department, as an inter-agency of the town, or as part of the municipality, is not privileged to the same sovereign immunities.

For the foregoing reasons, the Motion should not be allowed, and the complaint should be allowed to proceed as a matter of due process in this civil action.

                                                           Respectfully submitted,

April 21, 2005                                             /s/ Denny Jeane
    Date

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 22nd day of April 2005, I caused a true copy of the documents above to be served on the defense as listed below, by serving one copy of same, by first class mail postage paid.

*/s/ George Logue*

Regina M. Ryan
Merrick, Louison, & Costello
67 Batterymarch Street
Boston, MA 02110