UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| George Logue | CIVIL ACTION <br> CASE NO. 04-10270 - GAO |
| Plaintiff |  |
| v. |  |
| Dartmouth Police Department et al. |  |
| Defendant |  |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Standard for Summary Judgment

Pursuant to Federal Rules of Civil Procedure summary judgment is appropriate where there is "no genuine issue as to any material fact and... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." Noel v. Town of Plymouth, 895 F. Supp. 346 (1995) (In re Varrasso, 37 F.3d 760, 762 (1st Cir. 1994)) (citing cases). "To succeed, the moving party must show that there is an absence of evidence to support the non-moving party's position." Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). To avoid summary judgment the non-moving party must do more than simply contest the moving parties facts. And the facts that may be disputed must be material in order to avoid summary judgment. "Summary judgment will lie if the record, even when taken in the aspect most favorable to the non-movant fails to yield a trial worthy issue as to some material fact... It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the non-movant that the materiality hurdle is cleared." Parilla-Burgos v. Hernandez – Rivera, 108 F 3d 445, 448 (1st Cir. 1997). Evidence submitted by the non-moving party must be more than "merely colorable, or [if it] is not significantly probative, summary judgment may be granted." Rogers, supra ( quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

1

The motion presented, is prior to any formal discovery where subpoenas may be necessary so that the court may have all available information for determination of controversies before them. Universal Airline v. Eastern Air Lines, 88 U.S.App.D.C. 219, 188 F 2d 993 (1951).

I. DEFENDANT OFFICERS DEFENSE FAILS IF THE ARREST WAS UNLAWFUL

Defendants have raised a number of trite defenses in their motion to dismiss. Plaintiff's complaint asserts a variety of tort claims against the Dartmouth Police Department. The complaint has been amended to include the individual defendant officers Gill, White, Brooks, and Medeiros (collectively, the "defendants"). The causes in the complaint were presented with ample specificity - stating the events that transpired, that the arrest was unlawful, and how a series of unfortunate repercussions resulted from the unlawful arrest.[1] The other complaints are to the same effect and responsible in part for the results. However, as the first "cut" in these series of continuing torts, plaintiff accordingly is entitled to summary judgment on this complaint in its entirety if the arrest was unlawful.[2] The undisputed facts establish that it was unlawful.

II THE ARREST WAS UNLAWFUL

A. It Lacked Probable Cause

For an arrest to be lawful it must be based on probable cause. The probable cause test is an objective one, for, as the Supreme Court noted in Beck, "if subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers and effects,' only in the discretion of the police." Rivera v. Murphy, 979 F. 2d 259, 263 (1st Cir. 1992) (quoting Beck v. Ohio, 379 U.S. 89, at 97, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964)). The validity of an arrest and the initiation of criminal proceedings ultimately depend on the presence of "probable cause" defined as a reasonable ground for

---

[1] The complaint makes reference to civil rights claims against the officers under 42 U.S.C. § 1983 (see ¶9 of the First and Third Causes) as well as other entities in related actions resulting from the false imprisonment in jail, and followed by a false imprisonment in a state hospital in which plaintiff was subjected to a battery of unneeded medical examinations and treatments (see cases 04-10271, 04-10272, and 04-10342). The lingering effects of each step in the "process" has left a trail of unwarranted and slanderous remarks, in false files, and that continue to defame, embarrass, diminish and tarnish plaintiff's good name and community status. More than 8 years of waning activity, lost income, and severe emotional distress occurred as a result of that one unlawful arrest.

[2] One arguable exception may be in the Second Count of the First Cause, for "Negligent Entrustment" (see most recent amended complaint, p. 4) where plaintiff, without discovery, has only been able to make the conclusory allegation that Dartmouth was negligent in hiring the officers involved in the arrest.

2

suspicion, supported by circumstances sufficiently strong in them to warrant a belief on the part of a cautious or prudent person, that a particular person is guilty of an offense.[3] In performing their jobs defendant officers were responsible for flushing out evidence of criminal activity. The officers were informed at the seen, and the written record of statements taken show, not just conflicting accounts of what happened, but that the other party (plaintiff's father) admittedly had been consuming alcohol, and had initiated the confrontation on which the arrest had been based. The statements and record as a whole contend the incident began at the willful assault by the father, not the plaintiff. Statements clearly show the father had made way towards the plaintiff who had fled the original scene where words were exchanged, in an effort to avoid any confrontation (¶8 of the First and Third Causes).

It is understood that probable cause only exists when "'the facts and circumstances within [the police officers] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that [some suspect] had committed or was committing an offense." United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987)). Where the defendant officers had nothing but statements with corroborating facts indicating the father had chased and assaulted plaintiff, not vice versa, the officers had no probable cause against this plaintiff. "An arrest challenged as unsupported by probable cause is deemed 'objectively reasonable' unless 'there clearly was no probable cause at the time the arrest was made.'" Topp v. Wolkowski, 994 F. 2d 45, 48 (1st Cir. 1993) (quoting Floyd v. Farrell, 765 F. 2d 1, 5 (1st Cir. 1995)). There could not have been any logical or objectively reasonable conclusion that plaintiff had assaulted anybody. And any affidavits defendant officers might produce can not set forth any facts to support a legal conclusion that any of them had probable cause to affect that arrest. Hence, and concerning this argument alone, the arrest lacked probable cause, and was unlawful.

B.  It Violated Fourth and Fourteenth Amendments and Plaintiff's Civil Liberties

"The Fourth Amendment right to be free from unreasonable seizures of the person demands that an arrest be supported by probable cause." Santiago v. Fenton, 891 F.2d 373, 383 (1st Cir. 1989) (citing Beck at 91, (1964)). If defendant officers lacked probable cause to arrest the plaintiff, then liability can arise under 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12, § 11 I and H.

---

[3] 5 Am Jur 2d, section 44; and 52 Am Jur 2d, section 51, Malicious Prosecution

3

Santiago at 383 (citing Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-23, 473 N.E.2d 1128 (1985)).

The Fourteenth Amendment right of Due process of law is a constitutional guarantee of respect for personal liberties and immunities which, are "so rooted in the traditions and conscience of our people as to be ranked as fundamental," Snyder v. Massachusetts, 291 U.S. 97, 105 (1934), and are "implicit in the concept of ordered liberty." Palko v. Connecticut, 302 U.S. 319, 325 (1937). As such the deprivation of plaintiff's liberty by a false imprisonment and, in addition, without due process of law is also liable under 42 U.S.C. § 1983.

- The Massachusetts common law requirement that the officers have "reasonable grounds" for making an arrest has been held to be "substantially overlapping with the constitutional requirement of probable cause." See Santiago 891 F.2d at 383. In addition to the concerns regarding the Constitutional violations, are Articles 11, 12, 13, and 14 of the Massachusetts Declaration of Rights.

Again, with no probable cause, defendants violated constitution law and plaintiff's Civil Rights.

III    IF THE ARREST WAS UNLAWFUL THEN THE IMPRISONMENT WAS TOO

A puzzle remains as to why, not one of the defendant officers stopped to question the conflicting oral statements of the parties, or then the written statements obtained; particularly where the statement of the "accuser" seemed to verify that he had actually been the one to follow plaintiff and instigate the confrontation that occurred. The defendant officers, and later the department, failed to intervene, and none gave full consideration to the statements that had been obtained at the scene, to claims of plaintiff, or the evidence he was trying to bring to their attention that indicated an error was being made.

Reasonably thorough investigation into such claims, are necessary to minimize the risk that an innocent person is arrested and prosecuted unjustly. That an officer receiving incriminating information, yet not so clearly indicating guilt that a reasonable man would proceed without further investigation, may be found to have acted without reasonable grounds if he fails to make such an inquiry where the suspect points out convenient sources of information that would establish his innocence. "An officer who so proceeds can be held liable for false imprisonment and malicious prosecution," (quoting annotation in 81 ALR 4th, p. 1031).

4

Did the detention and false imprisonment in this case, both of which are unlawful under state law, also violate of plaintiff's constitutional rights actionable under 42 U.S.C. § 1983? Considering the argument presented in Schiller v. Strangis, 540 F. Supp. 605 (1982), the undisputed facts say yes.

The affirmation of a constitutional violation is established by proving a "liberty" interest; that is a "deprivation" of that interest "without due process of law," and then proving that the deprivation occurred "under color of state law." See, e.g., Parratt v. Taylor, 451 U.S. 527, 536-37 101 S. Ct. 1908, 1913-14, 68 L. Ed. 2d 420 (1981); Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 1413, 51 L. Ed. 2d 711 (1977). "Distinguishable from 'procedural due process' claims, are those claims that have been analyzed under the rubric of 'substantive due process.' 'Substantive due process' cases have held that although no specific provision of the Bill of Rights has been violated, the state's [officers] conduct was such as to 'shock the conscience' of the court and, therefore, to violate the due process clause." Rochin v. California, 342 U.S. 165, 172, 72 S. Ct. 205, 209, 96 L. Ed. 183 (1952).

As the arrest was unlawful, the subsequent detention, imprisonment, and then, imprisonment by the court under a "15-b," were also illegal and constitute a continuing tort for which the defendants are responsible. Wax v. McGrath, 255 Mass. 340, 151 N.E. 317 (1926). If plaintiff's claims are treated as "procedural due process" claims, and it was false imprisonment, then, each of the defendants are liable for damages under 42 U.S.C. § 1983.

IV.    DEFENDANTS SHOULD NOT BE ENTITLED TO IMMUNITY

As outlined in the related complaints, the defendants have used the system for something other than what it was intended. According to Restatement of Torts § 682, one who uses a legal process against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby.[4] As officers, and the department, as administrators, the defendants perhaps might be entitled, at most, to qualified immunity.[5] However, even this would require that each of the defendants establish that their actions were carried out in the good-faith

---

[4] One Am Jur 2d section 4 and 5, Abuse of Process; General requisites- improper, willful act
[5] Ibid.

5

belief that were reasonable under existing circumstances of its lawfulness.[6] J.D. Pflaumer, Inc. v. United States Dept. of Justice (ED Pa) 450 F Supp 1125 (1978). Contrary to that pretense, the defendants not only made a false arrest, but also permitted the false charges to go on, contributing maliciously and willfully, by omission of corrective action, to a process that encouraged the criminal complaint to continue; a criminal complaint that began and was maintained as a vexatious action in bad-faith, and founded on an arrest without probable cause. Where there was no probable cause, the arrest was unlawful and therefore, no qualified immunity exists. The officers may be held liable under § 1983, not only for each of their own actions, but also for each ones failure to have intervened in such circumstances so as to prevent arrestee from improper actions of their fellow police officers. U.S.C.A. Const. Amend. 4; 42 U.S.C.A. § 1983. Wilson v. Town of Mendon, 294 F. 3d 1 (2002).

V    INHERENT RESULTS OF ACTIONS SUPPORT THE CLAIM OF DISTRESS

Finally, plaintiff's claim for intentional infliction of emotional distress has shown that the defendant officers conduct was "extreme and outrageous" and beyond all bounds of decency, and utterly intolerable in a civilized community." Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). Where liability cannot be based on "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987), the available evidence proves that the arrest was made without probable cause. The defendant officers and department failed to substantiate any truthful cause, and the ensuing course of events that followed, the false imprisonment, the unneeded hospital evaluation, the creation of false files, and the effect that each of these has had on plaintiff's personal and professional life, all illustrate extreme and outrageous conduct beyond all bounds of decency, and which should be utterly intolerable in a civilized community.

---

[6] Ibid.

## Conclusion

Making the arrest without probable cause was a misuse of power. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.'" <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941).

For the arguments presented herein, plainitff's motion should be allowed.

Respectfully submitted,

April 25, 2005
composed on

7

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 26th day of April 2005, I caused a true copy of the documents above to be served on the defense as listed below, by serving one copy of same, by first class mail postage paid.

*/s/ George Logue*

Regina M. Ryan
Merrick, Louison, & Costello
67 Batterymarch Street
Boston, MA 02110