UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

| | |
|---|---|
| George Logue | Case No:1:04-10270-GAO |
| Plaintiff | |
| v. | |
| Dartmouth Police Department et al. | |
| Defendant | |

### PLAINTIFF'S MEMORANDUM OF LAW
### SUPPORTING HIS OPPOSITION TO DISMISS

Plaintiff, George Logue, hereby introduces this Memorandum of Law to support his Opposition to Defendant's Dartmouth Police Department, Gill, White, Brooks, and Medeiros (collectively, the "defendants") Motion To Dismiss. The opposition is set forth for each of the named defendants, and reserved for any additional defendants who may be identified later upon information revealed during initial discovery pursuant to Rule 26.2.

### Deference Afforded Plaintiff under Rule 12(b)6

It is well established that in a Rule 12(b)6 motion to dismiss, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial," F. Rules Civ. P., Rule 56 (e), with an understanding the court must examine the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the nonmovant. Wagenmann v. Adams, 829 F.2d 196; (1987) (citing Fishman v. Clancy, 763 F.2d 485, 486 (1st Cir. 1985); Cazzola v. Codman & Shurtleff, Inc., 751 F.2d 53, 54 (1st Cir. 1984). Plaintiff is well aware that the Rule 12(b)6 standard "is not entirely a toothless tiger." Dartmouth Review v. Dartmouth College, 889 F. 2d 13, 16 (1st Cir. 1989). Therefore, he has composed a complaint that, while imperfect and with the intent to amend it, includes sufficient detail and description to withstand initial dispositive motions. Plaintiff realizes, even pro se, "Minimal requirements are not tantamount to nonexistent requirements. The threshold [for phrasing a claim] may be low, but it is real." Gooley v. Mobil Oil Corp., 851 F. 2d 513, 514 (1st Cir. 1988)). However, if met, then "to succeed, the moving party must show that there is an absence of evidence to support the non-moving party's position." Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990).

Obviously, plaintiff has presented his complaint in a manner, which he believes has stated the causes that will be proved by facts and supported by evidentiary materials that may be produced under the normal course of discovery. Further, the complaint clearly describes the reasoning pertaining to the timing and the presentation of the complaint, and why it was brought forth as a Federal Claim while meeting the requirements of M.G.L. c. 258, Section 4.

Finally, the complaint is valid against all of the named defendant's, including the party named as the Dartmouth Police Department itself. Where it *had* been well-established that a [state] is not considered a "person" under the statute 42 U.S.C. § 1983, citing Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64 (1989), even this conclusion has been more recently subjected to argument. The notable difference here, even if the former argument pertaining to a state held, is that the department, as an inter-agency of the town, or as part of the municipality, is not privileged to the same sovereign immunities.

For the foregoing reasons, the Motion should not be allowed, and the complaint should be allowed to proceed as a matter of due process in this civil action.

Respectfully submitted,

April 21, 2005
Date

*[signature]*

June 7, 2005
Corrected copy